HATHORN *v.* STATE.

No. 41574      October 17, 1960      123 So. 2d 552

*Boydstun & Boydstun,* Louisville, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

GILLESPIE, J.

Appellant appeals from a judgment sentencing him to life imprisonment for murder. He raises the question whether the evidence warranted a verdict of murder and complains of the refusal of two instructions.

The homicide occurred outside a cafe at or near Midnight on a Saturday night. The deceased was stabbed once in the back with a long blade knife. The deceased insisted that appellant lend him two dollars, apparently for the purpose of buying moonshine whiskey. Appellant declined and they argued. The proprietor of the cafe put them out; deceased went out the front door and appellant the rear. What took place on the outside is in conflict. The jury had the choice of two versions.

The State's version, related by several competent and apparently disinterested witnesses, is as follows: After the argument was resumed outside the cafe, appellant, armed with an open knife, was pursuing deceased. Deceased called out to the bystanders, "Some of you stop this man, he is going to kill me." Someone did stop appellant and a short time later appellant again pursued deceased, who stopped and threw one or more bottles at appellant, then continued to flee with appellant close behind him. After deceased had run some distance from the store, he fell face down and appellant went down on deceased and stabbed him in the back. Deceased was unarmed.

Appellant's version of what occurred just before the fatal stabbing is in direct conflict with the State's version. The essential difference being that appellant and his witnesses claim that appellant was the pursued rather than the pursuer.

The conflict was a typical one for the jury to resolve. There was ample evidence to warrant the jury in finding appellant guilty of murder. We find no merit in the contention that the evidence was not sufficient.

The jury was fully instructed on behalf of the accused and we find no reversible error in the refusal of several

instructions requested by appellant. Therefore the judgment is affirmed.

Affirmed.

*McGehee, C.J.,* and *Kyle, Arrington* and *Ethridge, JJ.,* concur.